UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION  1:25-CR-00230 |
| VERSUS | JUDGE EDWARDS |
| KENDRICK S TATE | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

This matter comes before the Court on its own motion to set/continue the trial date and/or exclude time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* The Court has considered: the nature and scope of the charge(s) and penalties; points of fact and law likely to be at issue; evidence likely to be exchanged in discovery; subsequent possible need for pretrial review, investigation, conferral, negotiations, and other discussions; potential motion practice; representations of counsel, and; the balance of circumstances in this case.

The Court finds that the ends of justice served by scheduling trial and/or granting a continuance outside the initial time limits prescribed by the Speedy Trial Act do outweigh the best interests of the public and Defendant(s) in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that:

☒ the Court should grant a continuance/trial setting outside the initial time limits prescribed by the Speedy Trial Act because the case:

☐ it involves novel or disputed questions of fact or law;

☒ of the nature of the prosecution;

☐ of the number of Defendants;

    ☐    of voluminous anticipated discovery;

    ☒    counsel for all parties agree; and

    ☒    failure to grant a continuance would deny counsel for Defendant and the Government the reasonable time necessary for effective preparation, considering the exercise of due diligence; and/or

☐    the Court should *not* grant a continuance/trial setting outside the initial time limits prescribed by the Speedy Trial Act because the case:

    ☐    is not particularly complex;

    ☐    is not the type of prosecution in which failure to grant such a continuance would deny counsel for Defendant and the Government the reasonable time necessary for effective preparation, considering the exercise of due diligence; and

for additional reasons stated on record.

ACCORDINGLY, IT IS ORDERED that trial in this matter is hereby continued and/or set outside the initial time period prescribed by the Speedy Trial Act. IT IS FURTHER ORDERED that the time period between this date and the trial is excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A).

THUS DONE in Chambers on this 24th day of October, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
U.S MAGISTRATE JUDGE