d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA,          CRIMINAL DOCKET NO. 1:25-CR-0230
Plaintiff

VERSUS                                                    JUDGE EDWARDS

KENDRICK S TATE,                   MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## MEMORANDUM ORDER

Before the Court is a Motion for Transfer to Local Pretrial Detention Facility filed by Defendant Kendrick Tate. ECF No. 25. Tate is a federal pretrial detainee charged with voluntary manslaughter. ECF Nos. 1 at 1; 13 at 1. He asks the Court to order the United States Marshals Service ("USMS") to transfer him from the Federal Correctional Institution at Pollock ("FCI-Pollock") to a local parish jail. ECF No. 25 at 1. Tate argues the ninety-mile distance to his counsel's office, restrictions on electronic devices for discovery review, and his segregated housing status violate his Sixth Amendment right to counsel. ECF No. 25 at 2–3.

Because Tate has not shown actual prejudice to his right to counsel on the present record, the Motion to Transfer (ECF No. 25) is DENIED.

I.    Background

Tate is charged in a one-count indictment with voluntary manslaughter under 18 U.S.C. § 1112, arising from the fatal stabbing of R.J.J. at FCI-Pollock on or about April 24, 2025. ECF Nos. 1 at 1; 13 at 1. At his initial appearance, Tate waived his

1

right to a detention hearing, reserving the right to seek a full hearing should his circumstances change. ECF No. 12. The Court ordered him detained without bond pending trial. The Court committed Tate to the custody of the Attorney General "for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences," and directed that he "be afforded reasonable opportunity for private consultation with counsel." *Id.*

Tate is incarcerated approximately 90 miles from defense counsel's office in Lafayette, Louisiana. Trial is now set for October 26, 2026. ECF No. 23. He now moves—under 18 U.S.C. § 3142(i) and the Court's supervisory authority—for an order directing the United States Marshals Service to transfer him from FCI-Pollock to a local parish jail contracted with the USMS. He contends that the distance from counsel's office, restrictions on bringing electronic devices into Pollock to review discovery, and his segregated housing status are impeding his ability to meaningfully participate in trial preparation, and thus, his Sixth Amendment right to counsel.

II.    <u>Law and Analysis</u>

Section 3142(i) governs the contents of a pretrial detention order. The statute requires the Court to direct that the defendant be committed to the Attorney General's custody in a facility separated, "to the extent practicable," from sentenced prisoners. The statute also mandates that the defendant "be afforded reasonable opportunity for private consultation with counsel." *Id.* The Court's detention order contains both directives.

The Bail Reform Act's statutory safeguards reflect Congress's effort to accommodate constitutional concerns, including the Sixth Amendment right to counsel, within the detention framework. However, a pretrial detainee has no constitutionally protected right to incarceration in a particular facility. *Augusme v. Warden Pollock USP*, No. 1:23-CV-00127 SEC P, 2023 WL 2770116, at *3 (W.D. La. Mar. 13, 2023), *report and recommendation adopted sub nom. Augusme v. Warden USP Pollock*, No. 1:23-CV-127 SEC P, 2023 WL 2767065 (W.D. La. Apr. 3, 2023) (And cases cited therein). "[F]ederal statutes confer discretion on the BOP to classify prisoners and place them in institutions in accordance with public policy." *Dickson v. United States*, 11 F.4th 308, 313 (5th Cir. 2021).

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results."). Section 3142(i) of title 18 implements this right by requiring a "reasonable opportunity" for private consultation.

However, "'[n]ot every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Price v. Tanner*, No. CIV.A. 14-1628, 2015 WL 5060237, at *18 (E.D. La. Aug. 17, 2015). "[I]n the case of a pretrial detainee, courts have held that evidence of actual prejudice is necessary to show interference with the right to counsel." *Gutierrez v. Cruz*, No. 3:10-CV-2507-D, 2011 WL 3625565,

3

at *1 (N.D. Tex. Aug. 11, 2011) (internal citations and quotations omitted). And while some courts grant relief on this basis under § 3142(i)(3), they largely do so only where there is well-documented and severe interference:

> For example, in *Falcon*, the defendant's attorney had to travel about 2,000 miles roundtrip to meet with the defendant. In *Martinez*, the court exercised its authority under section 3142(i)(3) where defendants had limited time each day with their attorneys and "*only* because [the] moving Defendants [ ] face[d] the death penalty and death *is* different." And in *Williams*, the record was replete with evidence that the facility where defendants were held was grossly underfeeding inmates and had no plan to address the issue. The conditions of confinement in these cases thus strongly supported a conclusion that the defendants' right to counsel had been interfered with.

*United States v. Wester*, No. EP-16-CR-00537-DCG, 2021 WL 5746479, at *2 (W.D. Tex. Dec. 2, 2021) (internal citations omitted).

Here, at this point, Tate has identified logistical burdens that may be affecting the ease and speed of trial preparation, including the 90-mile distance between Pollock and counsel's office, the inability to bring electronic devices into the facility to review video and voluminous discovery, and his segregated housing status. But Tate has not shown the type of severe, atypical circumstances ordinarily required for relief. Nor has he shown that the facility, or the conditions, have caused him actual prejudice—meaning that discovery review has been, or will be, ineffectual or impossible rather than merely difficult.[1]

Meanwhile, Tate was already a federal inmate when the alleged conduct occurred, and his continued detention and present custodial status are functions of

---

[1] The Court has already granted a continuance to afford counsel additional time to investigate the case and confer with Tate regarding potential defenses.

4

the seriousness of the charge. And transferring Tate to any other facility would, of course, raise safety, logistical, and jurisdictional concerns that must be balanced against any difficulties he may experience during trial preparation.

Still, the facility must afford Tate as much freedom to consult with counsel as practicable. Should Tate suffer actual prejudice to his defense, the Court remains open to a renewed motion supported by additional evidence. On the present record, however, and given the competing concerns involved and the lack of a showing of actual prejudice, relief is unwarranted.

## III.   Conclusion

**Accordingly,** IT IS ORDERED that the Motion to Transfer (ECF No. 25) is hereby DENIED. IT IS FURTHER ORDERED that the existing detention order (ECF No. 13) remains in effect, including the directives that Tate be housed separately from oother prisoners "to the extent practicable" and be afforded reasonable opportunity for private consultation with counsel.

SIGNED on Monday, August 3, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE